389 A.2d 1195

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Robert SECREST, Appellant.**

Superior Court of Pennsylvania.

Argued April 15, 1977.

Decided July 12, 1978.

---

424

John R. Woodcock, Jr., Public Defender, Hollidaysburg, for appellant.

Edward S. Newlin, Assistant District Attorney, and Amos C. Davis, District Attorney, Hollidaysburg, submitted a brief for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from a judgment of sentence of the Court of Common Pleas of Blair County, Criminal Division imposed after appellant's petition to withdraw his guilty plea was denied.

Appellant was charged with aggravated assault, harassment, resisting arrest and disorderly conduct as the result of an altercation with a police officer on May 21, 1976. He pleaded guilty to aggravated assault in return for the nol prossing of the other charges, and was sentenced to two and a half to seven and a half years' imprisonment. He now contends that his plea was involuntary and his sentence excessive.

Three arguments are made in support of the first contention. The first of these is that the plea was entered without knowledge of the elements of the charge of aggravated assault. The following excerpt from the colloquy refutes this assertion:

"Q. The section of the Crimes Code providing for the charge of aggravated assault provides that a person is guilty of aggravated assault if he attempts to cause serious bodily injury to another or causes such injury either intentionally, knowingly or recklessly under certain circumstances manifesting extreme indifference to the value of human life, and in this particular case the Commonwealth probably relies upon Subsection 3 of that section which reads as follows:

A person is guilty of aggravated assault if he attempts to cause or intentionally or knowingly causes bodily injury to a police officer making or attempting to make a lawful arrest.

Do you understand what the Act of Assembly provides in that Sub-section?

A. Yes.

Q. That the police officers were attempting to make a lawful arrest and you intentionally or knowingly on your part caused bodily injury to that police officer?

A. Yes.

Q. You understand they were officers?

A. Yes."

Appellant also insists that he was improperly induced to plead guilty by a letter from the District Attorney's office advising him, in response to a written inquiry from him, that a guilty plea might result in his release from jail (where he had been since May 22, 1976) and offering him the above plea bargain. We will assume for the sake of argument that appellant is entitled to have the letter considered at this point. (It is appended to his brief, but was never made part of the record; however, the Commonwealth discusses it as if it were, apparently having no objection to our considering

it.) The crucial sentence is: "An entry of a plea of guilty to aggravated assault could possibly have ramifications, depending upon the sentence imposed by the Court, of effecting your release from jail." Although the letter was such as to raise a hope of probation, we think the colloquy sufficiently established appellant's comprehension of the fact that the court was in no way bound by his hopes:

"Q. You realize and understand the penalty that you subject yourself to on a plea of guilty to this charge?

A. Yes, sir.

Q. What is it?

A. 10 years and a $25,000 fine.

Q. It's up to a $25,000.00 fine, and it could entail with that, or in addition to, or in the alternative, imprisonment of not more than ten years. So you understand the possible penalty to which you subject yourself on a plea of guilty?

A. Yes.

Appellant's third complaint as to his plea is that it was made without knowledge that he was giving up the right to present witnesses establishing his version of the altercation. However, the court informed him in some detail of his right to a jury trial and then asked:

"Q. Realizing all of these things do you still say you want the court to make disposition of the matter on your plea of guilty to aggravated assault?

A. Yes, sir.

Q. Do you realize that if we accept your plea and make disposition of this case you will have given up for all times your right to trial by jury on this charge?

A. Yes, sir.

Q. And realizing all these things you say you want the court to dispose of this matter on your plea?

A. Yes, sir."

We do not see how appellant could have understood that he was, by his plea, consenting to the imposition of whatever sentence the court thought appropriate, and not

have understood that he was giving up his right to present witnesses. Accordingly, we conclude that his plea was voluntary.

As we noted earlier, appellant also contends that his sentence was excessive. In view of the wide discretion given judges in sentencing defendants and the fact that the police officer suffered a permanent injury, we are unable to agree.

Judgment of sentence affirmed.

JACOBS, President Judge, concurs in the result.

HOFFMAN and SPAETH, JJ., dissent and would remand for resentencing pursuant to *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

VAN der VOORT, J., absent.